## MARCH CRUTCHFIELD v. THE STATE.

COUNTY COURT—JURISDICTION OF ASSAULTS.—Being tried in the county court for an aggravated assault, appellant was convicted of simple assault, and his fine assessed at $60; whereupon he moved in arrest of judgment on the ground that, under the Constitution of 1876, the county courts have no jurisdiction to try or determine cases wherein the fine assessed does not exceed $200. *Held,* that the motion in arrest was correctly overruled. The act of August 18, 1876, amendatory of the County Court Act, confers the jurisdiction.

APPEAL from the County Court of Cooke. Tried below before the Hon. W. H. HAYES.

The opinion of the court states the case.

*W. O. Davis,* for the appellant. The record raises the naked question as to the power of the county court, in any event, to take jurisdiction of a simple assault.

The jurisdiction of a court is the power conferred upon it by the Constitution and laws to determine cases between parties. *Withers* v. *Patterson,* 27 Texas, 494; *Blanton* v. *Wilson,* 4 Texas, 404.

Consent of parties, or a failure to object to proceedings, cannot confer jurisdiction. The law only can give jurisdiction. *Winn* v. *Underwood,* 1 Texas, 48; 1 Bishop's Cr. Pro., sec. 986; *Benner* v. *Porter,* 9 How. 235; *Forsyth* v. *The United States,* 9 How. 571; *Ballance* v. *Forsyth,* 21 How. 389.

Courts established by written law cannot transcend the jurisdiction given by the law of their creation. Their powers cannot be enlarged by intendment, so as to embrace objects not expressed in the law. *Baker* v. *Chisholm,* 3 Texas, 157; *Cowan* v. *Nixon,* 28 Texas, 231; *Ex parte Bollman,* 4 Cranch, 75; *Thatcher* v. *Powell,* 9 Wheat. 119.

Whenever it appears in the course of a trial that the court has no jurisdiction of the offense, the defendant shall be discharged. Pasc. Dig., Art. 3055.

The county court is the creature of the new Constitution, and has only such jurisdiction in criminal matters as is conferred by that Constitution and by the County Court Act. They nowhere give the county court jurisdiction of a simple assault. Tested, then, by the above authorities, jurisdiction is wanting in the court for the plain reason that it is not given in the law which creates the court, and confers upon it all the power it has above that of an individual.

No one can contend that the county court has jurisdiction of an information or indictment for simple assault. The want of jurisdiction in that case is too obvious to admit of question. How can the court, then, indirectly take jurisdiction when it cannot do so directly?

When the Constitution and laws have denied to the court jurisdiction of simple assaults, how can the county attorney, by falsely charging an aggravated assault, give to the court jurisdiction forbidden by the law of its creation? If it is necessary to allege an aggravated assault in order to give jurisdiction, it is equally necessary to prove an aggravated assault in order to maintain it.

The former practice of the district court affords no guide upon this question. The district court had jurisdiction of all crimes and misdemeanors. When it was held that under an indictment for an aggravated assault a conviction could be had for a simple assault, no question of jurisdiction was raised, but simply a question of pleading and practice. I admit that, if the county court had jurisdiction of a simple assault under an information for an aggravated assault, a conviction for a simple assault could be had. That is a question of pleading and practice that has long been settled. But, as the county court is created by written law, and as its powers cannot be enlarged by construction or intendment, no former rule of practice can prevail against the plain letter of the Constitution.

It is respectfully submitted that the judgment should be reversed and the cause dismissed.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   The appellant was indicted in the district court for an aggravated assault and battery. The case was transferred to the county court, and he was tried in this latter court on the 11th day of October, 1876, and found guilty of a simple assault, and his punishment assessed at a fine of $60.

There was a motion in arrest of judgment upon the ground that the county court had no jurisdiction to try and determine a case where the fine imposed did not exceed $200 (Const. 1876, Art. 5, sec. 16), and consequently could not render a judgment upon the verdict in this case, the verdict being for an offense and punishment exclusively within the jurisdiction of a justice of the peace. Const. 1876, Art. 5, sec. 19.

This question of jurisdiction is the only one insisted upon by defendant's counsel in his brief, and, therefore, we do not feel called upon, this being a misdemeanor, to notice any of the other errors assigned.

By section 22, of Article 5, of the Constitution it is provided that " the legislature shall have power, by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of the county courts," etc.

In the County Court Act, passed the 16th of June, 1876 (Acts of Fifteenth Legislature, 18, sec. 3), the original, exclusive jurisdiction was defined, and in misdemeanors was limited to cases where the highest penalty or fine imposed was more than $200. But this act was subsequently amended, the amendment to section 3 being as follows, viz. : " The county court shall have exclusive original jurisdiction of all misdemeanors except misdemeanors involving official misconduct, and except such misdemeanors as are punishable by fine only, and in the punishment of which the highest

fine to be imposed may not exceed $200; that, in cases where the offense charged is within the jurisdiction of the county court, the court shall hear and determine the case, notwithstanding the proof may show an offense not within, but below, the jurisdiction as herein conferred," etc. Acts of Fifteenth Legislature, 172. This latter act was approved August 18, 1876, and took effect from its passage. It was the law which governed when this case was tried, on the 11th October, 1876. Consequently the county court had jurisdiction, and, therefore, the judgment is affirmed.

*Affirmed.*